IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAUN ECKHARDT and BRETT BARNES, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-0143 |
| SHAUN KELLEY WEIGHT LOSS, INC., | § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

The plaintiff in this case, Shaun Eckhardt, is a former employee of the defendant, Shaun Kelley Weight Loss, Inc. In this federal suit, Eckhardt alleges that while he worked for Kelley Weight Loss as a trainer and nutritional planner, he was not paid overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 216(b). He seeks certification as a collective action for similarly situated current and former employees who worked after January 22, 2006.

Kelley Weight Loss has filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 3). The motion to dismiss is based on a related state court case. In April 2008, Kelley Weight Loss sued Eckhardt in Texas state court to enforce a noncompetition clause in a written agreement. In the state court case, the judge entered a temporary injunction and denied Eckhardt's motion for summary judgment on the enforceability of the noncompetition covenant. Kelley Weight Loss moves to dismiss this federal case on the basis that the state court has acquired "dominant jurisdiction," and in the interest of judicial economy. (*Id.*, p. 2).[1]

---

[1] Kelly Weight Loss also moved for an oral hearing on its motion to dismiss. (Docket Entry No. 4). This motion is denied as moot.

Eckhardt has responded by arguing that the claims in the state court and in this federal suit do not overlap. (Docket Entry No. 6). The state-court suit is based on an alleged breach of a contract not to compete. Eckhardt initially included in his counterclaim in the state court suit an allegation of FLSA violations. On January 5, 2009, before this federal suit was filed and Kelley Weight Loss filed this motion to dismiss, Eckhardt amended his state court counterclaim to remove any FLSA claim. (Docket Entry No. 6, Ex. B). On February 19, 2009, two days after Kelley Weight Loss filed its motion, Eckhardt amended his state court counterclaim to remove any claim relating to unpaid wages. (*Id.*, Ex. C).

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Federal courts may, however, abstain from deciding a federal action if there is a pending state court action involving the same parties and subject matter, to preserve "traditional principles of equity, comity, and federalism." *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1142 (8th Cir. 1990). Whether a federal court should abstain from hearing an action under one of the abstention doctrines, including *Colorado River,* is in the court's discretion. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

*Colorado River* abstention grants a federal court discretion to avoid duplicative litigation in federal court of a matter more properly decided in parallel litigation in state court. *Colorado River* abstention only applies if there are parallel state and federal court proceedings. *See Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006). Suits are parallel if they "involv[e] the same parties and the same issues." *Id*. (quotations omitted). "[I]t may be that there need not be applied in every instance a mincing insistence on precise identity of parties and issues." *Id.* (quotations

omitted). Courts frequently define "parallelism" for purposes of *Colorado River* abstention in terms of "substantially the same parties" litigating "substantially the same issues."  *See*, *e.g.*, *Tyrer v. City of S. Beloit*, *Ill.*, 456 F.3d 744, 752 (7th Cir. 2006); *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000); *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 402 (10th Cir. 1995).  The central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005); *accord Rowley v. Wilson*, 200 Fed. App'x 274, 275 (5th Cir. 2006) (unpublished opinion) (holding that suits were not parallel for *Colorado River* abstention purposes because some defendants were in the federal case and not present in the state suit, and in the federal case, the plaintiff asserted claims against those defendants not asserted in the state suit).

If state and federal suits are parallel, the federal court must then evaluate whether there are "exceptional circumstances" that make abstention appropriate.  These factors include: (1) whether there is a res over which one court has established jurisdiction; (2) the inconvenience of the federal forum; (3) whether maintaining separate actions may result in piecemeal litigation; (4) which case has priority – not simply looking at which case was filed first; rather, focusing on the relative progress made in each case; (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the federal plaintiff's rights.  *See Murphy*, 168 F.3d at 738..  These factors are not a "mechanical checklist."  *Id.*

In the present case, the state and federal cases are not parallel.  The state court suit does not pertain to overtime or other wages, and the federal court suit does not pertain to a noncompetition agreement.  A decision in the state court case as to the enforceability of the noncompete will not resolve the FLSA allegations asserted in this federal case.  Because the threshold prong of the *Colorado River* abstention doctrine has not been met, there is no occasion to determine whether the exceptional circumstances necessary for abstention exist in this case.  There is no basis for this court

3

to dismiss on the basis of abstention.

The motion to dismiss is denied.

SIGNED on April 3, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4